IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, # 121865, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:11cv830-TMH |
| ) | (WO) |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2254 filed by state inmate James L. Robinson ("Robinson"). Doc. No. 1. In his petition, Robinson alleges that the State of Alabama (and the Alabama Department of Corrections, in particular) has violated his constitutional rights by miscalculating his release date from his sentence of imprisonment. *Id*. He maintains that he is entitled to immediate release from state prison. *Id*. at 13.

The respondents answer that Robinson has failed to exhaust his claim in the state courts and specifically assert that Robinson's appeal from the denial of his state petition for a writ of habeas corpus, in which he presents this claim, is currently pending in the Alabama Court of Criminal Appeals. Doc. No. 12 at 18. Therefore, the respondents argue, Robinson has yet to subject his claim to one complete round of the State's appellate review process. *Id*.

Robinson was allowed an opportunity to reply to the respondents' answer, and, in so

doing, he acknowledges that his appeal from the denial of his state habeas petition is pending in the Alabama Court of Criminal Appeals. Doc. No. 13 & Doc. No. 16 at 1.

## I.  DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State. . . ." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Robinson contends that the Alabama Department of Corrections has miscalculated his release date from his sentence of imprisonment. Under Alabama law, a petition for a writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. *See Perkins v. State*, 10 So. 3d 617, 618 (Ala. Crim. App. 2007); *Day v. State*, 879 So. 2d 1206, 1207 (Ala. Crim. App. 2003). Robinson filed a state habeas petition claiming that his release date had been miscalculated. However, it is undisputed that his appeal from the denial of that petition remains pending in the state appellate court.

It is a longstanding prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its

prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

This court does not deem it appropriate to rule on the merits of Robinson's claim without first requiring that he exhaust state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the § 2254 petition for federal habeas relief should be dismissed without prejudice so that Robinson can pursue and exhaust his available state court remedies.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Robinson an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that on or before **December 13, 2011**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of November, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE